# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Comier, Jr., | No. CV-16-04603-PHX-JJT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| James O'Neil, | |
| Respondent. | |

At issue is the Report and Recommendation ("R&R") (Doc. 77) entered in this matter by United States Magistrate Judge Deborah M. Fine, which recommends the Court deny and dismiss with prejudice the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 43). Petitioner timely filed an Objection (Doc. 78) to the R&R, and Respondents filed a Reply. (Doc. 81.) The Court has considered all of the above, as well as supplementary materials Petitioner has filed at Docs. 80 and 82.

Judge Fine correctly concluded that even under the most favorable interpretations of statutorily imposed deadlines, the Petition is untimely, without excuse or other lawful justification. Even if this Court's grant of partial habeas relief in March of 2007, or the conclusion of direct review of that decision in 2008 were the applicable start date of the AEDPA limitations period—a point Respondents do not concede and for which they appear to have credible authority—the period for filing a 2254 petition in this court would have run no later than August 2009. And if Respondents are correct that the limitations period began to run on June 14, 2001, it would have expired even earlier, in June of 2002.

Petitioner filed the instant Petition in March of 2017, which makes it fifteen years too late if Respondents are right about finality dates, or seven and a half years too late even if Respondents are wrong. In either case, the Petition is grossly untimely. The Court will not recount the reasons Judge Fine is correct in her conclusions that there is no statutory or equitable tolling of the limitation period, because those reasons already are set forth so thoroughly in the R&R. And as Judge Fine notes, Petitioner does not attempt to argue actual innocence for purposes of the *Schlup* gateway. See 513 U.S. 298 (1995). Because the Petition is untimely without excuse or cause, the Court does not further analyze for procedural default.

Petitioner's Objection is voluminous but fails to address the limitations analysis upon which Judge Fine's R&R rests. Instead he simply denies its applicability in conclusory fashion before moving to the merits of his grounds for relief—merits which the Court can never reach because the procedural hurdles are not cleared.

IT IS ORDERED overruling the Objection (Doc. 78) and adopting the R&R (Doc. 77).

IT IS FURTHER ORDERED denying and dismissing with prejudice the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 43). The Clerk of Court shall enter judgment accordingly and close this matter.

IT IS FURTHER ORDERED denying a Certificate of Appealability in this matter because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

Dated this 20th day of December, 2018.

Honorable John J. Tuchi
United States District Judge